UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN WHITE,

    Plaintiff,                                          Hon. Robert J. Jonker

v.                                                         Case No. 1:25-cv-726

BATTLE CREEK VA HOSPITAL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Presently before me is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 8.) Plaintiff has failed to respond to the motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and terminate this matter.

Plaintiff commenced this action in the Small Claims Division of the State of Michigan 8th District Court for the County of Kalamazoo on or about May 16, 2025. (ECF No. 1 at PageID.1; ECF No. 1-1.) Plaintiff alleged, "Dereliction of duty[;] failure to provide care givers, resulting to [Plaintiff] falling several times at home." Plaintiff sought $7,000 in damages but did not specify the basis for his damages. (*Id.* at PageID.4.) Defendant removed the action to this Court on June 30, 2025, pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1). (ECF No. 1.)

---

[1] In its Certificate of Concurrence pursuant to Local Civil Rule 7.1(d), Defendant states that when its counsel contacted Plaintiff seeking his concurrence to the instant motion, Plaintiff responded that he no longer wishes to pursue this action. However, Plaintiff failed to sign and return a proposed stipulation for dismissal that defense counsel sent him. (ECF No. 10.)

Where jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). A motion to dismiss under Rule 12(b)(1) for lack of jurisdiction may come in the form of either a "facial attack" or a "factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). A facial attack "questions merely the sufficiency of the pleading." *Id.* at 376.

> "[W]hen reviewing a facial attack, a district court takes the allegations in the complaint as true . . . . If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

*Id.* (internal citations omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, Defendant's motion presents a facial attack on jurisdiction.

It is well established that under the doctrine of sovereign immunity, the United States may not be sued without its consent. *Hercules, Inc. v. United States*, 516 U.S. 417 (1996); *Lehman v. Nakshian*, 453 U.S. 156 (1981). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999) (internal quotation marks omitted). The terms of the waiver define the court's jurisdiction to entertain the suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The plaintiff bears the burden of identifying a waiver of sovereign immunity. *See Reetz v. United States*, 224 F.3 794, 795 (6th Cir. 2000). A plaintiff's failure to identify a waiver of sovereign immunity requires dismissal for lack of jurisdiction. *Id.* Because Plaintiff fails to identify an applicable waiver in his complaint and has not submitted a response identifying a waiver of sovereign immunity for his claim, which is in effect against the United States Department of Veterans Affairs (VA), his action is properly dismissed for lack of subject matter jurisdiction.

Moreover, as Defendant notes, the Veterans Judicial Review Act (VJRA) precludes this Court from exercising jurisdiction over Plaintiff's claim to the extent it is for "provision of benefits." 38 U.S.C. § 511(a). A "benefit" includes "any payment, service, commodity, function, or status, entitlement to which is determined under the laws administered by the VA pertaining to veterans, dependents, and survivors." 38 C.F.R. § 14.627(e).

The VJRA "established a multi-tiered framework for the adjudication of claims regarding veterans benefits." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). Initially, the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision . . . that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). "[T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court." *Id.* A final decision of the Secretary may be appealed to the Board of Veterans' Appeals (BVA). 38 U.S.C. § 7104(a). A decision by the BVA may be appealed to the United States Court of Appeals for Veterans Claims (CAVC). *See Waksmundski v. Williams*, 727 F. App'x 818, 819–20 (6th Cir. 2018) (citing 38 U.S.C. §§ 7104, 7252, 7261). A party may seek review of that decision in the United States Court of Appeals for the Federal Circuit, *see id.* at 820 (citing 38 U.S.C. § 7292), which "shall have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof." 38 U.S.C. § 7292(c). In light of this statutory scheme, the Sixth Circuit has observed that "the VJRA explicitly granted comprehensive and exclusive jurisdiction to the [CAVC] and the Federal Circuit over claims seeking review of VA decisions that relate to benefits decisions under § 511(a)." *Beamon*, 125 F.3d at 971. Therefore, this Court lacks jurisdiction over Plaintiff's claim if it is one for "provision of benefits" that "require[s] the Court to 'second-guess the VA.'" *Fuller v. United States*, No. 1:21-cv-938, 2022 WL 2400955, at *3 (W.D. Mich. Apr. 7, 2022), *report and*

*recommendation adopted*, 2022 WL 3042267 (W.D. Mich. Aug. 2, 2022) (quoting *Waksmundski*, 727 F. App'x at 820).

Here, Plaintiff complains of the VA's failure to provide caregivers—a service that qualifies as a benefit. 38 C.F.R. § 14.627(e). His claim, even though framed as a "[d]ereliction of duty" (ECF No. 1-1 at PageID.4), essentially requires the Court to second-guess the VA's decision regarding the level of benefits to which Plaintiff is entitled. *Fuller*, 2022 WL 2400955, at *2–3 (whether cast as "negligence" or "dereliction of duty," the VJRA precludes a district court from exercising jurisdiction over any claim requiring it to "second-guess" the VA). Therefore, Defendant's motion is properly granted as the Court lacks jurisdiction over Plaintiff's claim.[2]

## CONCLUSION

For the foregoing reasons, I recommend that the Court **grant** Defendant's motion to dismiss (ECF No. 8) and dismiss Plaintiff's complaint without prejudice.

Dated: October 15, 2025                                            /s/ Sally J. Berens
                                                                   SALLY J. BERENS
                                                                   U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2] In light of this conclusion, I need not address Defendant's Federal Tort Claims Act argument.